# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| S. N. K., a minor by her mother, SHANIKA N. KENNEDY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Cause No. 1:14-cv-899-WTL-DKL |
| CAROLYN W. COLVIN, Commissioner of the Social Security Administration, | ) ) ) ) | |
| Defendant. | ) | |

## ENTRY ON JUDICIAL REVIEW

Plaintiff's mother, Shanika N. Kennedy, requests judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her application on behalf of her minor daughter, S.N.K., for Supplemental Social Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). The Court, having reviewed the record and the briefs of the parties, now rules as follows.

## I.     PROCEDURAL HISTORY

Kennedy filed an application for SSI on April 13, 2011, alleging that S.N.K. became disabled on April 17, 2007, due to asthma (and later on, attention deficit hyperactivity disorder ("ADHD")). The application was initially denied on July 12, 2011, and again upon reconsideration on September 21, 2011. Thereafter, S.N.K.'s mother requested a hearing before an Administrative Law Judge ("ALJ"). The hearing was held on August 17, 2012, via video conference before ALJ Angela Miranda. Kennedy, S.N.K., and counsel appeared in Indianapolis, Indiana, and the ALJ presided over the hearing from Falls Church, Virginia. During the hearing, James A. Belt, M.D., testified as a medical expert. On March 29, 2013, the ALJ issued a decision

denying Kennedy's application for benefits. The Appeals Council upheld the ALJ's decision and denied a request for review on April 1, 2014. This action for judicial review ensued.

## II. EVIDENCE OF RECORD

The evidence of record is well documented in the ALJ's decision and need not be recited here. Facts relevant to Kennedy's arguments are, however, noted in the discussion section below.

## III. APPLICABLE STANDARD

To be eligible for SSI, a claimant must meet the requirements of 42 U.S.C. § 423. Pursuant to that statute, "disability" means the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The standard is a stringent one. The Act does not contemplate degrees of disability or allow for an award based on partial disability. *See Stephens v. Heckler*, 766 F.2d 284, 285 (7th Cir. 1985).

In determining whether a claimant under the age of eighteen is disabled, the Commissioner employs a three-step sequential analysis. 20 C.F.R. § 416.924(a). At step one, if the claimant is engaged in substantial gainful activity, she is not disabled, despite her medical condition. 20 C.F.R. § 416.924(b). At step two, if the claimant does not have a "severe" impairment or a combination of impairments that is "severe," she is not disabled. 20 C.F.R. § 416.924(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets, medically equals, or functionally equals any impairment that appears in the Listing of Impairments, codified at 20 C.F.R. pt. 404, subpt. P, App. 1. 20 C.F.R. § 416.924(d). If the claimant has an impairment or combination of impairments that meets,

medically equals, or functionally equals the listings, and meets the twelve-month duration requirement, the claimant is deemed disabled. 20 C.F.R. § 416.906.

In determining whether an impairment functionally equals the listings, the ALJ must examine the following domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). The claimant's impairment or combination of impairments must result in "marked" limitations in two or more domains or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). A "marked" limitation is one that seriously interferes with the claimant's ability to sustain and complete activities. 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation is one that very seriously interferes with the claimant's ability to sustain and complete activities. 20 C.F.R. § 416.924a(e)(3)(i).

On review, the ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.*, and the Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). Rather, the ALJ is required to articulate only a minimal, but legitimate, justification for her acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate her analysis of the evidence in her decision; while she "is not required to address every piece of evidence or testimony," she

must "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Dixon*, 270 F.3d at 1177.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that S.N.K. had not engaged in substantial gainful activity since April 13, 2011, the application date. At step two, the ALJ concluded that S.N.K. had the following severe impairments: Premature birth with asthma; obstructive sleep apnea; and ADHD. At step three, the ALJ determined that S.N.K. did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled a listed impairment. Accordingly, the ALJ concluded that S.N.K. was not disabled from April 13, 2011, through the date of her decision.

## V. DISCUSSION

Kennedy advances two objections to the ALJ's decision; both arguments are addressed below.

### A. Listing 103.03, Asthma

In this case, the ALJ specifically considered Listing 103.03, but concluded that "the medical evidence [did] not describe asthma attacks of the required frequency and character to qualify under the listing." Tr. at 18. Kennedy argues, however, that she met her "burden of proof by offering to the ALJ substantial medical examination and treatment evidence proving that [S.N.K.'s] combined impairments met[,] medically equaled[,] or functionally equaled Listing 103.03C2." Kennedy's Br., Dkt. No. 18 at 10. The Court does not agree.

Listing 103.03(C)(2) requires "[p]ersistent low-grade wheezing between acute attacks or absence of extended symptom-free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators with . . . [s]hort courses of corticosteroids that average more

4

than 5 days per month for at least 3 months during a 12-month period." 20 C.F.R. Part 404, Subpt P, App. 1, § 103.03(C)(2). Kennedy argues that S.N.K. "was repeatedly diagnosed with having asthma; . . . she had wheezing between acute attacks; . . . she required daytime and nocturnal use of sympathomimetic bronchodilators; and . . . she received corticosteroid medications more than five days per month for at least three months during a twelve month period." Kennedy's Reply, Dkt. No. 25 at 3. In her reply brief, Kennedy focuses her argument on whether S.N.K. truly had "persistent" wheezing, and whether the corticosteroid inhalers she was prescribed were the type of steroids contemplated by the listing. Those arguments, however, are unavailing.

As the ALJ concluded, there is simply no evidence that S.N.K. suffered from "attacks," as defined by the listing. Listing 103.03—the childhood listing for asthma—specifically notes that "attacks" are defined in Listing 3.00C—the adult listing for asthma:

> Attacks of asthma . . . are defined as prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy *in a hospital, emergency room or equivalent setting.*

20 C.F.R. Part 404, Subpt P, App. 1, § 3.00C (emphasis added). Again, the evidence does not indicate that S.N.K. suffered from such severe attacks or that she received the sort of treatment noted in the listing in a hospital, emergency room, or equivalent setting. The Court notes that S.N.K. often received treatment at Wishard Hospital (or a Wishard Hospital clinic) for her ailments; however, her treatment certainly did not rise to the level contemplated by Listing 3.00C. Thus, Kennedy has failed to meet her burden of showing that S.N.K.'s asthma met or medically equaled the listing, and substantial evidence supports the ALJ's decision.

## B. Functional Equivalence

Next, Kennedy argues that "[s]ubstantial evidence fails to support the ALJ's erroneous determination that the claimant was not functionally disabled due to her combined impairments." Kennedy's Br. at 14. More specifically, Kennedy argues that the ALJ's findings are "contrary to the findings [of] the claimant's treating pediatrician Dr. Gray and her other treating physicians." *Id.* The Court does not agree that the ALJ's discussion concerning functional equivalence was improper.

The ALJ concluded that S.N.K. had "less than marked" limitations in each of the six functional domains. Thus, her asthma and/or ADHD did not functionally equal the listings. However, one of her treating physicians, Dr. Frances Gray, opined that Kennedy had extreme limitations in attending and completing tasks and marked limitations in acquiring and using information, interacting and relating with others, and her health and physical well-being. Kennedy argues that the ALJ "arbitrarily and erroneously rejected" these findings. Kennedy, however, does little to support her argument.

Kennedy argues that the ALJ based his decisions on the opinions of the medical expert at the hearing, Dr. Belt. According to Kennedy, Dr. Belt "did not have Exhibit 19F (Dr. Gray's pediatric treatment records for 5-21-12 to 7-18-12) . . . available to him before the hearing." Kennedy's Reply at 6. He did, however, have an opportunity to review the documents during the hearing. Kennedy also takes issue with the fact that "Dr. Belt never reviewed Exhibits 20F and 21F (Dr. Gray's pediatric treatment records for 4-18-11 to 3-7-12 . . . and 4-10-12 to 7-18-12 . . . because it was filed with the ALJ *after* the hearing." *Id.* at 7. Kennedy, however, does not explain the documents and/or why they would lead Dr. Belt to find that S.N.K.'s impairments functionally equaled the listings. *See also D.N.M. ex rel. Brame v. Colvin*, No. 1:13-CV-00884-

RLY, 2014 WL 4636390, at *7 (S.D. Ind. Sept. 16, 2014) ("His argument is: 'Presumably if they had reviewed all of the evidence they would have reasonably determined the claimant was totally disabled.' . . . That is certainly not the Court's presumption. While it might be [the plaintiff's] presumption, it was definitely his *burden* to show that the nature of these items of evidence, compared to the other evidence the state agency physicians reviewed, required the ALJ to obtain a supplemental medical opinion.") (emphasis in original). Thus, the Court is unable to find that the ALJ's reliance on Dr. Belt's opinions was improper.[1]

Moreover, the Court does not find that the ALJ "arbitrarily and erroneously rejected" Dr. Gray's findings. Indeed, the ALJ reasoned, in part, as follows:

> I accord limited weight to [Dr. Gray's] opinion because it is not supported by his, or other treating professionals' assessments or clinical examinations reflecting mild objective findings. Also, the claimant was sometimes seen by other physicians, not always Dr. Gray. . . . Dr. Gray noted the claimant underwent normal physical examination in 2011 and 2012 and that she was to continue on her asthma medications. . . . The claimant underwent an unremarkable physical examination with Andreas Kaden, M.D., in August 2011. . . . Furthermore, Dr. Gray's opinion contrasts sharply with other opinions of record, including that of consultative examiners.

Tr. at 20. Simply put, Kennedy fails to articulate in any meaningful way why the ALJ's rejection of Dr. Gray's opinions was improper. She does not discuss any specific medical records, other than Dr. Gray's report, showing that the ALJ's decision was contradictory to the record. As such, the Court does not find that the ALJ's decision on functional equivalence requires remand.

---

[1] In her reply brief, Kennedy also impliedly argues (for the first time) that the ALJ erred in failing to obtain an updated medical opinion. Kennedy's Reply at 8. The Court, however, considers this argument waived. *See Mendez v. Perla Dental*, 646 F.3d 420, 423-24 (7th Cir. 2011) ("[I]t is well-established that arguments raised for the first time in the reply brief are waived.") (citations omitted).

## VI. CONCLUSION

In this case, the ALJ satisfied her obligation to articulate the reasons for her decision, and that decision is supported by substantial evidence in the record. Accordingly, the decision of the ALJ is **AFFIRMED**.

SO ORDERED: 5/26/15

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.